ENGLE LATE ADMINISTRATOR OF LEAKE v. CROMBIE
ADM'R. &c.

1. The Act 22d Feb. 1843, (*Pamph.* 84) which authorizes the Supreme Court to restate accounts settled in the Orphans' Court, when brought into that court upon *Certiorari*, applies only to the case of final accounts, and not to the case of an application to set aside a final account for fraud or mistake.

2. The application, in case of alleged fraud or mistake, is one addressed to the discretion, and must be proved to the satisfaction, of *the Orphans' Court.* *Rev. L.* 787, § 32. When, therefore, no question of law is raised, the decision of that court upon the facts, is final, and not the subject of review on *Certiorari*.

3. In opening an account for fraud or mistake, it is necessary to shew by positive evidence, that items objected to which have been allowed are erroneous or fraudulent, and without such proof the Orphans' Court cannot strike out such items.

On Error to the Supreme Court.

The Orphans' Court of the County of Bergen refused to restate the final account of John Engle, late administrator of Leake, on application of W. Crombie, administrator, according to the directions of the Supreme Court, (see case reported 4 *Har.* 83,) and the proceedings of the said Orphans' Court were thereupon again removed into the Supreme Court by *Certiorari*. The Supreme Court, on an *ex parte* hearing, at May Term, 1843, again reversed the decree of the Orphans' Court, dismissing the rule to shew cause why the final account of the late administrator should not be opened, &c., and ordered the account to be restated by their clerk under the act of 22d Feb. 1843; *Har. Laws* 514; *Pamph.* 84. Upon this restatement, being made by the clerk, the following order was made:

"The court, having seen and inspected the record and proceedings in this cause, and maturely considered the same, do order and adjudge that the order of the Orphans' Court, made at a special term of said court, held at the court-house at New Barbadoes, on the seventh day of November, in the year of our Lord one thousand eight hundred and forty-two, confirming the final account of the said John Engle, administrator of the said John G. Leake, deceased, be reversed, vacated and set aside. And that the said William Crombie, administrator of John G.

Leake, deceased, be restored to all things that he hath lost hereby. And it is further ordered and directed, that the clerk of this court do audit and restate the said final account of the said John Engle, late administrator as aforesaid, and correct the same in the particulars following, *to wit:* First, by striking out all the item No. 1, except the sum of two dollars and seventy-nine cents; and secondly, by striking out all the other items in the said account, except the following, *viz:* The item No. 2, Cornelius Van Riper's, eight dollars and fifty-three cents, and the item No. 25, David I. Christie, fifty cents, and the item No. 28, David I. Christie, two dollars and seventy-five cents, and the item No. 30, David I. Christie, five dollars, and the item No. 39, Theodore Frelinghuysen, ten dollars; and thirdly, to correct the said account, by striking out all the interest upon all the items in the said account; and fourthly, by striking out all the commissions, except upon such sum, as upon such correction of said account as is herein directed, shall appear to have been actually disbursed by the said John Engle, administrator as aforesaid; and the clerk of this court having, in obedience to the order of the court, audited, restated, and corrected the said final account of the said John Engle, administrator as aforesaid, and reported the same to this court, whereby it appears that there is in the hands of said Engle, late administrator as aforesaid, the sum of eleven hundred and forty-four dollars, to be paid and distributed according to law—it is thereupon further ordered, adjudged, and decreed, that the said report of the said clerk of this court be in all things confirmed, and that said John Engle, late administrator as aforesaid, do pay to the said William Crombie, administrator of John G. Leake, deceased, the said sum of eleven hundred and forty-four dollars and sixty-five cents, and that said account, so restated and allowed by this court, together with a copy of this decree, be transmitted to the said Orphans' Court of the county of Bergen."

The judgment of the Supreme Court was then removed into this court by writ of error. The report of the case in the Supreme Court, and the opinion of Carpenter, J. will supply such facts as are necessary to understand the grounds upon which the judgment of the court proceeded.

*A. O. Zabriskie,* for plaintiff in error.

The Orphan's Court properly refused to open the final account of Engle, styled in the proceedings *late* administrator. By the 32nd section of the Orphans' Court Act, (*Rev. Laws* 787, *Elm. Dig.* 365) the final account was conclusive, except in case of assets or money which might come to hand after settlement, and also in case of fraud or mistake, to be proved to the satisfaction of the Orphans' Court.

There was no legal actor who attempted to call Engle to an account. Crombie had no interest in the account. He showed no letters of administration. The rule was granted *ex parte,* and at the hearing he was bound to show his right.

Any letters to Crombie were void, unless the former grant of administration was shown to have been repealed. An administrator cannot resign, and unless the first grant be revoked according to the statute, the second is void. 1 *Barbour & Harrington's Eq. Dig.* 553; 3 *Dyer* 339; 11 *Vin.* 114; *Ib.* 120.

If revocation and grant admitted, still Crombie had no interest which would enable him to call Engle to an account. His duty, under such grant, would simply be, to administer what remained unadministered by the first administrator. It is a " party " only that is entitled to apply for a settlement, and not a stranger. *El. Dig.* 365, *par.* 21. The statute (*Rev. L.* 177 § 12, *El. Dig.* 167) directs the surplus to go to the next of kin, and for whom only it provides a remedy. So in regard to surplus arising from the sale of lands. *Elm. Dig.* 490 *par.* 22; *Ib.* 492 *par.* 29.

An administrator *de bonis non* has no interest in an estate administered, and is only authorized to call for the assets of an intestate which may remain unadministered. A subsequent administrator, therefore, cannot call the account in question: the remedy is in the hands of distributees or creditors. 1 *Barb. & Harr. Eq. Dig.* 552; 4 *Ib.* 215 *& cases;* 2 *U. S. Dig.* 362 §§ 49, 50; *Ib.* 365 § 112; *Ib.* 402 § 941; *Ib.* 387 § 611; *Ib.* 406 § 1022; *Elliott* v. *Lewis,* 3 *Edward's Vice Chan. Rep.* 40.

If no interest, which must appear, then no right to call for a settlement. *Toller* 127, 492; *Saxton* 437; 2 *Pen* 563. See 5 *Mass.* 279; 9 *Cow.* 329.

If letters to Engle had been revoked, then he was no administrator, and the Orphans' Court had no authority to cite him to an account. *Rev. L.* 777 § 6 ; *Elm. Dig.* 360. See 4 *Har.* 86, 87 ; 2 *Pen.* 563 ; 1 *Spenc.* 126.

But after final settlement, the only authority of the Orphans' Court to alter the account, is upon proof to their satisfaction of fraud or mistake. *Mistake* and *fraud* are words having a definite meaning very different from error, which last is matter of law, and must be reviewed by *Certiorari* within the time limited. *Johnson* v. *Eicke*, 7 *Halst.* 316. For error in law in this final account the Orphans' Court could not interfere, but only for fraud or mistake, as a matter of fact proved to their satisfaction. *Hyer* v. *Moorehouse, Spenc.* 125 ; *Johnson* v. *Eicke*, 7 *Halst.* 316.

There was no evidence to warrant striking out items disallowed by the Supreme Court, as for counsel fees, auctioneer's fees, services rendered the estate, &c. ; items which under many circumstances, might be proper charges. These having the presumption in their favor derived from the action of the Orphans' Court, they must be taken to be proper, until proof of fraud or mistake should be adduced, by the party seeking to destroy the account.

There was no evidence offered to shew fraud or mistake, in regard to the commissions. It was a matter particularly within the discretion of the Orphans' Court, and nothing appears to warrant the action of the Supreme Court in cutting them down to any lower sum. Upon the mere amount of commissions in the absence of fraud or mistake shewn, the Supreme Court, even upon *Certiorari* removing the final account by direct proceeding, have no right to interfere. *Mathis* v. *Mathis*, 4 *Har.* 67. If any item erroneously stricken out by the Supreme Court, there must be a reversal.

The final account, and which the Orphans' Court refused to restate, was not brought up by the writ of *Certiorari*. The writ simply removed the proceedings of the Orphans' Court, discharging the rule to shew cause why the said account (which was settled in 1835) should not be opened for re-settlement. The final account, therefore, forms no part of *the record :* a copy comes as an exhibit, and collaterally as mere matter of

evidence. It was not removed by the writ, and the Supreme Court had no right to restate it. The act of 22d Feb. 1843, by which the Supreme Court in certain cases is authorised to restate, applies only to certain cases where the final account is removed by *Certiorari.*

The Supreme Court erred in ordering the money to be paid to William Crombie ; it is a power which is not conferred by any statute. As it is a separate branch of the judgment, if the only error it might be reversed, and judgment for the other part affirmed. 1 *Archb. Pr.* 259 (*Ed.* 1838) ; 4 *Burr.* 2018.

*W. Halsted,* contra.

The court, (the CHANCELLOR, CARPENTER, SPEER, PORTER, ROBERTSON, SPENCER, and SCHENCK,) unanimously reversed the judgment of the Supreme Court.

CARPENTER, J. delivered the following opinion :

This was not the case of the direct removal of a final account to the Supreme Court by writ of *Certiorari*, in order that the proceedings of the Orphans' Court, in relation to said account, might be reviewed and corrected as to errors of law. But the time for such review having long passed, a rule was taken on Engle, who had settled the account, to shew cause, why it should not be opened and set aside, for fraud and mistake. The Orphans' Court afterwards discharged this rule with costs. The order and proceedings of the Orphans' Court, refusing to open the account of Engle, were removed into the Supreme Court by *Certiorari*, which at September Term, 1842, reversed the said order, and remitted the record with instructions as to the restatement of the account. (4 *Har. Rep.* 82.) At the November Term, 1842, of the Bergen Orphans' Court, that court having considered the case, and not being satisfied that the said account ought to be altered or resettled for any fraud or mistake therein, on the application of Crombie, ordered the account to be restated and confirmed in all things, as reported and allowed in 1835. This last mentioned order and decree of the Orphans'

Court was then removed into the Supreme Court by *Certiorari*, and the Supreme Court ordered the account to be restated by their own clerk. This writ of error was then brought to this court.

It seems to be quite clear that the restatement by the Supreme Court of the final account of Engle, was not authorized by the act of 22d Feb. 1843, (*Pamph.* 84.) That act applies to the removal by *Certiorari* of a decree of the Orphans' Court, on the *final allowance or settlement* of the accounts of executors, administrators, &c. Now the time for the removal by *Certiorari* of the account in question has long passed, for it was allowed and settled in 1835. The *Certiorari* in this case, therefore, did not bring up the final account: it brought up the order, decree and proceedings of the Orphans' Court in 1842, when they refused to alter the account, and directed it to be restated and allowed in all things as before, not being satisfied that there was any fraud or mistake. The act authorizing the Supreme Court to restate, seems clearly to apply only to the case of final accounts reviewed by a direct proceeding, and not to the case of an application to set aside such an account for fraud or mistake. If there was any error in law in the proceedings of the Orphans' Court on such application, the power of the Supreme Court would be confined to a simple reversal. This point lies at the foundation of the judgment of the Supreme Court, and the error is fatal.

There is another error in the judgment of the Supreme Court; the application was one addressed to the *discretion* of the Orphans' Court. The fraud or mistake is to be proved to the satisfaction of that court. (*Rev. L.* 787 § 32.) The burthen of shewing fraud or mistake lies upon the exceptant, so as to make out, at least, a *prima facie* case; and when the Orphans' Court have opened an account without legal proof, their proceedings have been set aside. *Johnson* v. *Eicke*, 7 *Halst.* 316 ; *Hyer* v. *Morehouse, Spenc.* 135. It is therefore a question of fact, upon which that court is to decide, according to a sound discretion, and where no question of law is raised, its decision upon the facts cannot be the subject of review on *Certiorari* by the Supreme Court; a view taken on this point by Justice WHITE-

HEAD, in the court below.  But the Supreme Court went further, and assumed to do on *Certiorari*, that which the Orphans' Court was not competent to do on the original application.   Without any proof in regard to items, which might or might not, according to circumstances, be the proper subject of allowance, that court struck them out as fraudulent.  We are all of opinion that the judgment of the Supreme Court should be reversed. It is not necessary to express any opinion upon the other points taken by the counsel of the plaintiff in error. (*a*)

Judgment reversed.

*Note* (*a*.)—As to right of administrator to whom letters have been granted after prior administration repealed, to call the prior administrator to an account.    *Sec. D. in Turner* v. *Davies*, 2 *Saund.* 150 ; *S. C.* 1 *Mod.* 62 ; 5 *Mass.* 279 ; *Com. Dig. Chancery* (2 *A.* 1 ;) *Chan. Rep. temp. Finch* 40 ; *Lamine* v. *Dorrell*, 2 *Lord Raym.* 1216 ; 2 *Steph. N. P.* 1878.